UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FILED
SEP 2 5 2019
AT _____ O'CLOCK
John M. Domurad, Clerk - Syracuse

| | |
|---|---|
| JOHN DOE | |
| Plaintiff(s) | Civil Case No.: 3:19-cv-1189(BKS/ML) |
| vs. | CIVIL COMPLAINT PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED |
| Defendant(s) | |
| Cornell University, William Carpenter, et al. | |

Plaintiff(s) demand(s) a trial by: ☒ JURY  ☐ COURT   (Select **only** one).

## JURISDICTION

1. Jurisdiction is conferred on this court pursuant to 42 U.S.C. § 2000e-5.

## PARTIES

2. Plaintiff: John Doe

   Address: 757 Warren Rd., Unit#4554, Ithaca, NY-14852

   Additional Plaintiffs may be added on a separate sheet of paper.

3. a. Defendant: Cornell University

   Official Position: _____

   Address: 300 Day Hall, Cornell University, Ithaca, NY-14853

   Telephone: 607-255-5201

b. Defendant: _____Lance R Collins_____

Official Position: _____Dean of Engineering_____

Address: _____Rm#242, Carpenter Hall, Cornell University, Ithaca_____

_____NY-14853_____

_____Telephone: 607-255-9679_____

4. This action is brought pursuant to:

   [✓] Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991, for employment discrimination based on race, color, religion, sex or national origin.

   [ ] Pregnancy Discrimination Act of 1978, codified at 42 U.S.C. § 2000e(k), as amended, Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination based on pregnancy.

5. Venue is invoked pursuant to 28 U.S.C. s 1391.

6. Defendant's conduct is discriminatory with respect to the following (check all that apply):

   (A) [✓] My race or color.
   (B) [✓] My religion.
   (C) [✓] My sex (or sexual harassment).
   (D) [✓] My national origin.
   (E) [ ] My pregnancy.
   (F) [✓] Other: _Disability, veteran status, and ethnicity_ .

7. The conduct complained of in this action involves:

   (A) [ ] Failure to employ.
   (B) [✓] Termination of employment.
   (C) [ ] Failure to promote.
   (D) [✓] Unequal terms and conditions of employment.
   (E) [ ] Reduction in wages.
   (F) [✓] Retaliation.
   (G) [✓] Other acts as specified below:
   _Harassment, threatening, menacing, stalking,_
   _Privacy violation, due process, and conspiracy_

8. **FACTS**

Set forth the facts of your case which substantiate your claims. List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.** (You may use additional sheets as necessary).

See attached

9. **CAUSES OF ACTION**

**Note: You must clearly state each cause of action you assert in this lawsuit.**

### FIRST CAUSE OF ACTION

Illegal discrimination in employment, education, and housing based upon my gender

race, color, religion, sex, national origin, disability, veteran status, and ethnicity.

## SECOND CAUSE OF ACTION

Retaliation for exercising my Constitutional rights.

## THIRD CAUSE OF ACTION

Failure to provide a due process.

10. I filed charges with the New York State Division on Human Rights, the New York City Commission on Human Rights or Equal Employment Opportunity Commission regarding the alleged discriminatory acts on or about:

    06/26/2019
    (Provide Date)

11. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter (**copy attached**) which was received by me on or about:

    06/27/2019
    (Provide Date)

12. The plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f).

13. The defendant(s) is (are) an employer, employment agency, or labor organization within the meaning of 42 U.S.C. § 2000e(b), (c), or (d).

14. The defendant(s) is (are) engaged in commerce within the meaning of 42 U.S.C. § 2000e(g).

15. **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff(s) request(s) that this Court grant the following relief:

Compensatory and punitive damages as determined by the Jury and the court, and

cost and disbursement.

Re-instate my student status, and student-employment status back.

_____

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____09/23/2019_____

_____JOHN DOE_____
Signature of Plaintiff(s)
(all Plaintiffs must sign)

02/2010

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FILED
SEP 2 5 2019
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Syracuse
U.S. DISTRICT COURT - N.D. OF N.Y.

JOHN DOE
    Plaintiff(s)            )
                            )   Civil Case No.: 3:19-cv-1189 (BKS/ML)
vs.                         )
                            )   **COMPLAINT PURSUANT**
                            )   **TO THE AMERICANS**
                            )   **WITH DISABILITIES ACT**
    Defendant(s)            )
Cornell University, William Carpenter, et al.

Plaintiff(s) demand(s) a trial by: ☒ JURY   ☐ COURT   (Select **only** one).

Plaintiff(s) in the above-captioned action, allege(s) as follows:

## JURISDICTION

1. This is a civil action seeking judgment, relief and/or damages brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended, for discrimination based upon a disability and the failure to accommodate same. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(4).

## PARTIES

2. a.  Plaintiff: John Doe

    Address: 757 Warren Rd., Unit#4554, Ithaca, NY-14852

   b.  Plaintiff: N/A

    Address: N/A

Additional Plaintiffs may be added on a separate sheet of paper.

3.  a.  Defendant: Cornell University

    Official Position: _____

    Address: 300 Day Hall, Cornell University, Ithaca, NY-14853

    Telephone: 607-255-5201

    b.  Defendant: Lance R Collins

    Official Position: Dean of Engineering

    Address: Rm#242, Carpenter Hall, Cornell University, Ithaca NY-14853

    Telephone: 607-255-9679

Additional Defendants may be added on a separate sheet of paper.

4.  My disability is as follows:

    I have physical and mental disability.

    Post Traumatic Stress Disorder, anxiety, depression, PPD, et al.

    Mobility issues, Back and neck injury

    See attached

5. The conduct complained of in this action involves:
(Check all that apply)

(A) ☐ Failure to employ.

(B) ☑ Termination of employment.

(C) ☐ Denial of participation in public service or program.

(D) ☐ Failure to make alterations to accommodate disability.

(E) ☑ Retaliation.

(F) ☑ Other acts as specified below:
Wrongful/frivolous termination of student status

Harassment, threatenings, conspiracy, so forth

6. **FACTS**

On the following page, set forth the facts of your case which substantiate your claim of discrimination. List the events in the order they happened, naming defendants involved, dates and places.

**Note:** Each fact should be stated in a separate paragraph; paragraphs should be numbered sequentially.

You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.

You may use additional sheets as necessary.

See additional sheets attached.

7.   **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff(s) request(s) that this Court grant the following relief:

Compensatory and punitive damages as determined by the Jury and the court, and cost and disbursement.

Re-instate my student status, and student-employment status back.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  09/23/2019

JOHN DOE

Signature of Plaintiff(s)
(all Plaintiffs must sign)

3.c. Defendant: William Carpenter

Official Position: Officer

Address: 117 Statler drive, G2 Barton Hall, Ithaca, NY, 14853

Telephone: 607-216-1199

3.d. Defendant: Luke Zachary Fenchel

Official Position: N/A

Address: 200 E Buffalo St#102b, Ithaca, NY-14850

Telephone: 646-325-5616/607-323-1393/607-319-4998

3.e. Defendant: David Forbes Delchamps

Official Position: Associate Professor

Address: 410 Mitchell St., Ithaca, NY-14850

Telephone: 607-272-6423/607-255-6447

3.f. Defendant: College of Engineering

Official Position: N/A

Address: Carpenter Hall, 313 Campus Rd., Ithaca, NY-14853

Telephone: 607-272-6423/607-255-6447

3.g. Defendant: Cornell University Police Department

Official Position: N/A

Address: 117 Statler drive, G2 Barton Hall, Ithaca, NY, 14853

Telephone: 607-255-1111

3.h. Defendant: Wendy Gilmore-Fitzgerald

Official Position: Advisor

Address: 6 Yardley Grn, Ithaca, NY-14850-1259

200 Computing and Communications Center (CCC), 235 Garden Avenue, Ithaca, NY-14853-6601

Telephone: 607-255-3841/607-255-6384

## #8

1. Plaintiff is a disabled Veteran, who served with the US Army Special Forces, a.k.a. Green Berets. Since 2014, the Plaintiff carries a diagnosis of mental and physical disability. Plaintiff worked with the three respected companies, i.e., General Electric Aviation, Intel Corporation, and United Launch Alliance(Defense Contractor)(Lockheed Martin Space Systems, and Boeing Defense, Space, and Security). Since early childhood, Plaintiff dreamt about going to Cornell University. Plaintiff's dream fulfilled, and he transferred to Cornell University in the Fall of 2017, enrolled and started studying Electrical and Computer Engineering. Electrical and Computer Engineering-College of Engineering was the second hardest major at Cornell University. Plaintiff was the first veteran that the Electrical and Computer Engineering-College of Engineering was experimenting with.

2. Cornell University has a substantial number of students and faculty members who carry both physical and mental disabilities. As a non-traditional foreign-born student, Plaintiff had some uphill battles, in terms of adjustment to the new environment.

3. Plaintiff did the necessary paperwork in December 2017 for employment and started working at the Office of Academic Diversity Initiative Office (OADI) as a Student Administrative-II position.

4. Plaintiff worked in the Office of Academic Diversity Initiative with another worker Wendy Gilmore-Fitzgerald. Ms. Gilmore-Fitzgerald is married to Liane Fitzgerald from the school of Engineering. Ms. Gilmore-Fitzgerald targeted Plaintiff. She made derogatory comments that made Plaintiff believes that she had issues with the Plaintiff

being a straight, single male. Subsequently, false information was provided to high ranking Cornell employees, i.e., Liane Fitzgerald, David Forbes Delchamps, Cornell University College of Engineering, and later to the Cornell University Police Department. Plaintiff believes that this false information was provided by Ms. Gilmore-Fitzgerald, William Carpenter, Liane Fitzgerald, and others at the school who are friends with Ms. Gilmore-Fitzgerald, David Forbes Delchamps, and William Carpenter, with the sole motive of having Plaintiff placed on academic leave to have Plaintiff placed on an academic leave. In January 2018, As a form of retaliation, Plaintiff was put on an Academic leave, by David Forbes Delchamps. As a result, Plaintiff was removed from the school because of Plaintiff's age, creed, disability, marital status, veteran status, race/color, sexual orientation, sex, opposed discrimination/retaliation, and national origin. They discriminated against because of mental disability as well.

5. In January 2018, Plaintiff was evicted from the Hasbrouck Apartments, which was a campus housing.

6. Since the early Spring of 2018, employees of Cornell University violated Plaintiff's Family Educational Rights and Privacy Act. On 29th of June, 2019, Plaintiff filed a formal complaint with the New York State Education Department. That claim was frivolously denied. Plaintiff believe that Cornell conspired with the Privacy Officer, as an attempt to suppress the Plaintiff to exercise his constitutional rights.

7. In the Spring of 2018, Plaintiff met Shuang Qiu a.k.a. Elaine Shuang Qiu met via dating application, where they had a romantic relationship. During their dating relationship, Plaintiff discovered that Shuang Qiu was having an intimate sexual affair with a Professor (Dad's age). Plaintiff brought such grievances, under Cornell's supervision via

student name Xitang Zhao, and Title IX bias reporting. It resulted in utter retaliation by Cornell University against the Plaintiff.

8. On May 17, 2018, Plaintiff was wrongfully brought to the Barton Hall by Luke Zachary Fenchel without Plaintiff's conscience, and knowledge. First, Plaintiff was new to the Ithaca, and Tompkins County; therefore, Plaintiff wasn't well aware of the surroundings. Also, Plaintiff was under the effect of continued distress, stress, so forth caused by "William Carpenter, Luke Zachary Fenchel, so forth". Therefore, Plaintiff never had a chance to look up the location of the address, i.e., 320 N Tioga St., Ithaca, NY. Early in the morning, Plaintiff was under the impression of going to 320 N Tioga St, Ithaca, NY. Luke Zachary Fenchel never told his personal motives. Instead, Luke Zachary Fenchel took the Plaintiff in his car, and a different route while eating Chobani Yogurt. When the Plaintiff realized that he was nearby the Cornell Campus, Plaintiff asked Luke Zachary Fenchel, of where Plaintiff has been taken to. It was already too late when Luke Zachary Fenchel took Plaintiff to the Barton Hall, and then without explaining the ramifications, Plaintiff was coerced, and then wrongfully served with the "Persona-Non-Grata," under duress. Cornell University employee name William Carpenter issued Plaintiff a frivolous "Persona-Non-Grata" notice that banned Plaintiff from being on any Cornell property. This action prohibited Plaintiff from being on Cornell property. Plaintiff believes that Luke Zachary Fenchel, and members of the Cornell University conspired against him, to financially benefit Luke Zachary Fenchel, exploit, and abuse Plaintiff from exercising his constitutional rights.

9. As a result, On June 29, 2018, Plaintiff received a letter from Dean Lance R Collins advising Plaintiff that his student status was terminated. Because Plaintiff's job as an

Administrative Assistant II was tied to his student status, that meant the Plaintiff's employment was terminated effective June 29, 2018. Plaintiff believes that the real person who wrote the letter to Plaintiff was David Forbes Delchamps, but signed by Dean Lance R Collins.

10. On or around June 29, 2018, Plaintiff's employment was terminated by the Defendant(s) in response to Plaintiff being removed from the school and being labeled as "persona-non-grata." Plaintiff believes that Defendant condoned discriminatory conduct by terminating Plaintiff's employment. Plaintiff believes he was terminated in retaliation because Plaintiff attempted to oppose discrimination several times, which Plaintiff reported Mr. Carpenter and Ms. Gilmore-Fitzgerald.

11. Plaintiff's position is that his student status and employment status was terminated because he brought concerns of harassment, retaliation, and discrimination to the attention of Cornell's supervision. Plaintiff had spoken to many co-workers about the harassment and discrimination that he experienced. The discrimination was based on Plaintiff's race (Southeast Asian), nationality, disability, gender, veteran status, color, sexual orientation (as a heterosexual), and religious beliefs (Plaintiff is a non-denominational Christian).

12. In the Summer and Fall of 2018, Plaintiff had some health problems and spent much of his time dealing with that through Veteran Affairs Medical Center, which was aggravated by the continuing retaliation received from the employees of Cornell University, "i.e., William Carpenter, Dean Lance R. Collins, and others."

13. In the Fall of 2018, Plaintiff filed an Article 78 claim with the State of New York to overturn the frivolous termination of his student status. In the Fall of 2018, after Plaintiff

filed the Article 78 claim, he was issued an eviction notice from the College Town Terrace Apartments. Plaintiff believes his eviction was prompted by Cornell in retaliation of him bringing Article 78 claims forward. Article 78 is pending as of today, September 23, 2019. Plaintiff also believes that Cornell has set the Ithaca Police Department and Tompkins County Sheriff's Department against him because he received numerous harassing calls from a blocked number and the Police banging on the Plaintiff's door, as an intent to harass the Plaintiff, and aggravate his health condition.

14. As a result of hostile retaliation from the members of Cornell University, In the middle of freezing winter, i.e., December 2019, Plaintiff got evicted from the College Terrace Town Apartment, which almost resulted in Plaintiff being on a homeless status.

15. In March 2019, Plaintiff's car was towed, and he was evicted from the Maplewood Apartments, which resulted in Plaintiff being on a homeless status. Plaintiff then filed a claim with the Department of Housing and Urban Development. That claim is pending as of September 23, 2019.

16. On April 6, 2019, Plaintiff sent a notice to cease and desist to Xitang Zhao who is a Cornell Electrical and Computer Engineering student who was being used by the Cornell and David Forbes Delchamps to harass, denigrate, aggravate, and subjugate Plaintiff's life, health, and career.

17. On May 16, 2019, Plaintiff filed a claim with the New York State Department of Human Rights about the Persona-Non-Grata status. That claim was frivolously denied based on the agency not having any "jurisdiction" over his claim. Cornell University copied the Plaintiff's use of the term "no Jurisdiction" in terms of wrongfully serving Plaintiff a frivolous Persona Non-Grata with the help of Luke Zachary Fenchel. Earlier in May,

2018, Plaintiff used the same term for it. Plaintiff believes that Cornell conspired with the Department Director at Albany, New York.

18. On June 24th, 2019, Plaintiff filed a claim with the Office of Civil Rights. The Office of Civil Rights claim is pending as of now. That claim was frivolously denied based on the agency not having any "jurisdiction" over his claim. Cornell University copied Plaintiff's use of term "no Jurisdiction" in terms of wrongfully serving Plaintiff a frivolous Persona Non Grata with the help of Luke Zachary Fenchel. Plaintiff believe that Cornell conspired and influenced with the employees of the Office of Civil Rights, in order to suppress Plaintiff to exercise his constitutional rights. That claim is pending as of now.

19. On June-July, 2019, Plaintiff filed a claim with the National Labor Relation Board. That claim was frivolously denied based on the agency not having any "jurisdiction" over his claim. Plaintiff believes that Cornell conspired and influenced the Director of the National Labor Relation Board. Director of National Labor Relation Board, i.e., Paul J Murphy graduated from Cornell University in 1980. Plaintiff believe that Cornell conspired with the Privacy Officer, as an attempt to suppress Plaintiff to exercise his constitutional rights. That claim is pending as of now.

20. On June 29th, 2019, Plaintiff filed a claim with the American Disability Act. American Disability Act claim is pending as of now.

21. On July 5, 2019, Cornell representatives Conrad Wolan and Valerie Cross Dorn filed libelous paperwork to stop Plaintiff from having due process on the Article 78 matter, which means that they are trying to stop Plaintiff from re-enrolling into Cornell and getting Plaintiff's student and employment status back. Wolan and Dorn also made

libelous statements mischaracterizing, misrepresenting, and intentionally misdirecting the Plaintiff's student and employment status.

22. On July 16, 2019, Plaintiff filed a formal complaint with the Community Police Board over their harassment towards him.

23. Plaintiff is a 28 years old, Hindu and non-denominational Christian, having a condition that is considered to be a disability as that term is defined by the Title VII, i.e. (physical/mental), Single, Veteran, Indian, South-East Asian, heterosexual, male, and Plaintiff has opposed discrimination. Because of this, Plaintiff have been subject to unlawful discriminatory actions. Plaintiff worked for the Respondent as a Student-Employee since January 2018. The defendant (s) was also aware of Plaintiff's disabilities at all times and that he was a veteran.

24. Based on the foregoing, Plaintiff charge respondent with an unlawful discriminatory practice relating to employment because of age, creed, disability, marital status, veteran status, race/color, sexual orientation, sex, opposed discrimination/retaliation/harassment, national origin, in violation of the Title VII, Title IX, Title II, and any applicable statutory Federal laws.