UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN DOE,

                               **Plaintiff,**

   vs.                                          3:19-CV-1189
                                                       (MAD/ML)

CORNELL UNIVERSITY; LANCE R. COLLINS, *Dean of Engineering*; WILLIAM CARPENTER, *Officer*; LUKE ZACHARY FENCHEL; DAVID FORBES DELCHAMPS, *Associate Professor*; COLLEGE OF ENGINEERING; CORNELL UNIVERSITY POLICE DEPARTMENT; and WILLIAM GILMORE-FITZGERALD,

                               **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**JOHN DOE**
757 Warren Road
Unit 4554
Ithaca, New York 14852
Plaintiff *pro se*

**MAINES FIRM, PLLC**                          **RUSSELL E. MAINES, ESQ.**
109 East Seneca Street
Ithaca, New York 14850
Attorneys for Defendant Fenchel

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced this action on September 25, 2019, alleging discrimination based on, among other things, Plaintiff's race, religion, sex, national origin, disability, and status as a veteran, in violation of Title VII of the Civil Rights Act of 1964 and the Americans with

Disabilities Act. *See* Dkt. No. 1. Plaintiff also brings a claim pursuant to 42 U.S.C. § 1983, alleging a violation of his due process rights. *See id.* On October 4, 2019, Plaintiff filed an amended complaint. *See* Dkt. No. 8. Because Defendant Fenchel failed to timely answer the complaint, Plaintiff requested entry of default, which the Clerk of the Court entered on January 14, 2020. *See* Dkt. Nos. 15, 20. Thereafter, on February 12, 2020, Plaintiff moved for default judgment against Defendant Fenchel. *See* Dkt. No. 32. Defendant Fenchel opposed the motion and filed a cross-motion to set aside the entry of default. *See* Dkt. Nos. 40-42.

Currently before the Court is Plaintiff's motion for default judgment and Defendant Fenchel's cross-motion to set aside entry of default.

## II. DISCUSSION

The court may set aside an entry of default for good cause shown. Fed. R. Civ. P. 55(c). While vacating entry of default is in the discretion of the district court, there is a "'preference for resolving disputes on the merits.'" *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). Defaults generally are disfavored and are reserved for rare occasions. *See Enron Oil Corp.*, 10 F.3d at 96. Accordingly, all doubts must be resolved in favor of the party seeking relief from the default in order to ensure that, to the extent possible, disputes are resolved on their merits. *See Powerserve Int'l, Inc.*, 239 F.3d at 514.

When determining whether there is "good cause" to vacate entry of default under Rule 55(c), a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) prejudice to the non-defaulting party should relief be granted. *See Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). "[N]o single factor is dispositive." *FedEx TechConnect, Inc. v. OTI, Inc.*, No. 12 Civ.

1674, 2013 WL 5405699, *4 (S.D.N.Y. Sept. 23, 2013); *see also Wagstaff–El v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir. 1990) (holding that the district court did not abuse its discretion by vacating a default judgment despite a finding of willfulness, because the defaulting party had a meritorious defense and the plaintiff would not be prejudiced if the default was vacated). "When doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96. "Good cause" should be construed generously. *Id.* "While courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan*, 652 F.2d at 277.

In the present matter, the Court finds that Defendant Fenchel has established good cause to vacate the entry of default. While Defendant Fenchel acknowledges that he received the summons and complaint on or about October 8, 2019, he "thought that the papers were not real because they made almost no sense, and because the identity of the 'John Doe' plaintiff was obvious to me." Dkt. No. 40-1 at ¶ 5. Defendant Fenchel, who is an attorney practicing almost exclusively criminal defense in state court, claims that he represented Plaintiff in a state court criminal matter, a family offense petition in Tompkins County Court, and an on-campus judicial proceeding at Cornell University." *Id.* At the end of his representation, Defendant Fenchel claims that Plaintiff "left many angry and harassing email and voice mail messages at [his] office." *Id.* Based on his interactions with Plaintiff, Defendant Fenchel claims that he "believed that the amended complaint was not a real court document, and that it was just one of a series of baseless criticisms that the plaintiff had been making." *Id.* Defendant Fenchel acknowledges that it was an error to ignore the complaint and that he first realized that there was, in fact, a lawsuit in which he was a named defendant, when he received Plaintiff's motion for default judgment. *See id.* at ¶¶ 8-

3

9. Given the explanation provided by Defendant Fenchel, and his prompt response to the motion for default judgment, the Court finds that Defendant Fenchel's conduct, while ill-advised, was not willful for purposes of his motion to vacate. *See Peoples v. Fisher*, 299 F.R.D. 56, 59-60 (W.D.N.Y. 2014).

The Court also finds that Defendant Fenchel has demonstrated that there is likely a meritorious defense to the claims against him. As mentioned, Plaintiff has brought his claims pursuant to Title VII, the ADA, and 42 U.S.C. § 1983. Under both Title VII and the ADA, only an "employer" may be held liable. *See Parra v. City of White Plains*, 48 F. Supp. 3d 542, 551 (S.D.N.Y. 2014) (Title VII); *Magnotti v. Crossroads Healthcare Mgmt., LLC*, 126 F. Supp. 3d 301, 311-12 (E.D.N.Y. 2015) (noting, in an ADA case, that "[t]o state a claim for individual liability under the alter ego doctrine, a plaintiff must plead (1) that the [individual defendant] exercise[d] such dominion and control ... that the corporation had no separate will of its own; and (2) that the domination and control was used to commit a fraud or wrong against the plaintiff which proximately caused [her] injuries") (internal quotation marks and citations omitted). Further, to succeed on a claim brought pursuant to 42 U.S.C. § 1983, Plaintiff must establish that the named defendant was acting under color of state law. *See Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (holding that "the conduct complained of must have been committed by a person acting under color of state law," and cannot be applied to the actions of private individuals). Defendant Fenchel, as an attorney in private practice, has demonstrated that he likely has a meritorious defense to the claims raised, since he is neither Plaintiff's employer, nor a state actor.

Finally, Plaintiff will suffer little, if any, prejudice should the Court grant Defendant Fenchel's motion. On March 23, 2020, the other named Defendants filed a status report indicating that the deadline for depositions and document discovery had been extended for sixty days

4

because of Plaintiff's various requests to extend the pending deadlines and due to the current public health crisis. *See* Dkt. No. 45. Moreover, Plaintiff has been ordered to file a motion, no later than April 20, 2020, setting forth any justification for permitting him to proceed by pseudonym in this matter, which will not be fully briefed until May 15, 2020. *See* Dkt. No. 59. Given the relative early stage of this litigation, the Court finds that Plaintiff will not be prejudiced by the Court vacating the entry of default.

Based on the foregoing, the Court denies Plaintiff's motion for default judgment and grants Defendant Fenchel's cross-motion to set aside entry of default.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth herein, the Court hereby

**ORDERS** that Defendant Fenchel's motion to vacate entry of default (Dkt. No. 42) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for default judgment (Dkt. No. 32) is **DENIED as moot**; and the Court further

**ORDERS** that Plaintiff's "Cross Motion to Dismiss the Motion to Set Aside Default" (Dkt. No. 43) is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk's entry of default (Dkt. No. 20) is **VACATED**; and the Court further

**ORDERS** that Defendant Fenchel shall filed his answer to Plaintiff's amended complaint within **ten (10) days** of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 7, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge