UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN DOE,

                              **Plaintiff,**

vs.                                                        3:19-CV-1189
                                                                              (MAD/ML)

**CORNELL UNIVERSITY; LANCE R. COLLINS,**
*Dean of Engineering*; **WILLIAM CARPENTER,**
*Officer*; **LUKE ZACHARY FENCHEL; DAVID**
**FORBES DELCHAMPS,** *Associate Professor*;
**COLLEGE OF ENGINEERING; CORNELL**
**UNIVERSITY POLICE DEPARTMENT; and**
**WILLIAM GILMORE-FITZGERALD,**

                              **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**KIRWAN LAW FIRM, PC**                    **TERRY J. KIRWAN, JR., ESQ.**
AXA Tower I, 17th Floor
100 Madison Street
Syracuse, New York 13202
Attorneys for Plaintiff

**MAINES FIRM, PLLC**                         **RUSSELL E. MAINES, ESQ.**
109 East Seneca Street
Ithaca, New York 14850
Attorneys for Defendant Fenchel

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff commenced this action on September 25, 2019, alleging discrimination based on, among other things, Plaintiff's race, religion, sex, national origin, disability, and status as a veteran, in violation of Title VII of the Civil Rights Act of 1964 and the Americans with

Disabilities Act.[1]  *See* Dkt. No. 1.  Plaintiff also brings a claim pursuant to 42 U.S.C. § 1983, alleging a violation of his due process rights.  *See id.*  On October 4, 2019, Plaintiff filed an amended complaint.  *See* Dkt. No. 8.

Because Defendant Fenchel failed to timely answer the complaint, Plaintiff requested entry of default, which the Clerk of the Court entered on January 14, 2020.  *See* Dkt. Nos. 15, 20.  Thereafter, on February 12, 2020, Plaintiff moved for default judgment against Defendant Fenchel.  *See* Dkt. No. 32.  Defendant Fenchel opposed the motion and filed a cross-motion to set aside the entry of default.  *See* Dkt. Nos. 40-42.  In an April 7, 2020 Memorandum-Decision and Order, the Court granted Defendant Fenchel's motion to vacate entry of default and denied Plaintiff's motion for default judgment.  *See* Dkt. No. 60.

On April 17, 2020, Defendant Fenchel moved to dismiss the amended complaint, which is currently before the Court.  *See* Dkt. No. 65.

## II. BACKGROUND

According to the amended complaint, Plaintiff is a disabled veteran, who served with the United States Army Special Forces.  *See* Dkt. No. 8 at 5.  Since 2014, Plaintiff has been diagnosed with various mental and physical disabilities.  *See id.*  In the Fall of 2017, Plaintiff enrolled at Cornell University and began studying electrical and computer engineering.  *See id.*  Plaintiff claims that he was both a nontraditional and foreign-born student, which led to "some uphill battles, in terms of adjustment to the new environment and climate."  *Id.*  In December 2017, Plaintiff completed the necessary paperwork for employment and began working at the Academic Diversity Initiative Office ("OADI") as a Student Administrative-II position.  *See id.*

---

[1] Although Plaintiff was acting *pro se* when he commenced this action, he is now represented by counsel.

As to Defendant Fenchel, the amended complaint alleges as follows:

> On May 17, 2018, Plaintiff was wrongfully brought to the Barton Hall by Luke Zachary Fenchel ... without Plaintiff's conscience [sic], and knowledge. First, Plaintiff was new to the Ithaca, and Tompkins County [area]; therefore, Plaintiff wasn't well aware of the surroundings. Also, Plaintiff was under the effect of continued "distress, stress, so forth" caused by "William Carpenter, Luke Zachary Fenchel, so forth. Therefore, Plaintiff never had a chance to look up the location of the address, *i.e.*, 320 N. Tioga St., Ithaca, NY. Early in the morning, Plaintiff was under the impression of going to 320 N. Tioga St., Ithaca, NY. Luke Zachary Fenchel never told his personal motives. Instead, with utter self-serving precarious deception, Luke Zachary Fenchel took the Plaintiff in his Vovlo XC car ..., to a different route while eating Chobani yogurt. When the Plaintiff realized that he was nearby the Cornell Campus, Plaintiff asked Luke Zachary Fenchel, of where Plaintiff has been taken to. It was already too late when Luke Zachary Fenchel took Plaintiff to the Barton Hall, and then without explaining the ramifications, Plaintiff was coerced, and then wrongfully served with the "Persona-Non-Grata," under duress. Cornell University employee named William Carpenter issued Plaintiff a frivolous "Persona-Non-Grata" notice that banned Plaintiff from being on any Cornell property. This action prohibited Plaintiff from being on Cornell property. Plaintiff believes that Luke Zachary Fenchel, and members of the Cornell University conspired against him, to financially benefit Luke Zachary Fenchel, while exploiting, discriminating, retaliating, depriving, and abusing Plaintiff from exercising his constitutional rights.

Dkt. No. 8 at 8-9. Plaintiff further alleges that, at a later date, "as a form of retaliation and self-serving precarious motive, Luke Zachary Fenchel stopped Plaintiff from re-enrollment with the Electrical Computer Engineering department, while financially exploiting, torturing, depriving, discriminating, and abusing the Plaintiff. *See id.* at 9.

On June 29, 2018, Plaintiff claims that he received a letter from Lance R. Collins advising that his student status had been terminated. *See id.* "Because Plaintiff's job as an Administrative Assistant II was tied to his student status, that meant the Plaintiff's employment was terminated effective June 29, 2018. *See id.* Plaintiff claims that, in his belief, his student status and

3

employment were terminated "because he brought concerns of harassment, retaliation, and discrimination to the attention fo Cornell's supervision. Plaintiff had spoken to many co-workers about the harassment, retaliation, and discrimination that he experienced. The discrimination was based on Plaintiff's race (Southeast Asian), nationality, disability, gender, veteran status, color, sexual orientation (as a heterosexual), and religious beliefs (Plaintiff is a non-denominational Christian)." *Id.* at 10.

Thereafter, on May 16, 2019, Plaintiff filed a claim with the New York State Department of Human Rights ("NYSDHR") "about the frivolous and unmeritorious Persona-Non-Grata status." Dkt. No. 8 at 11. Plaintiff alleges that his before the NYSDHR "was frivolously denied based on the agency not having any 'jurisdiction' over his claim. Cornell University copied the Plaintiff's use of the term 'no Jurisdiction' in terms of wrongfully serving Plaintiff a frivolous Persona-Non-Grata with the help of Luke Zachary Fenchel." *Id.* Similarly, on June 24, 2019, Plaintiff filed a claim with the "Office of Civil Rights," which he claims that they "frivolously denied based on the agency not having any 'jurisdiction' over his claim." *Id.* at 12.

### III. DISCUSSION

**A.     Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

**B.    Claims under the ADA and Title VII**

In his motion to dismiss, Defendant Fenchel contends that the allegations against him in the amended complaint must be dismissed because the federal civil rights statutes are inapplicable to private individuals.  *See* Dkt. No. 65-1 at 4.  In response, Plaintiff does not directly address

Defendant Fenchel's argument, but instead contends he may be held liable under 42 U.S.C. § 1985(3).  *See* Dkt. No. 69 at 4-5.

Title VII of the Civil Rights Act of 1964, as relevant, provides that it is an "unlawful employment practice of an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1).  Under Title VII, "an individual employee is not an 'employer,' and may not be held liable for discrimination."  *Sherman v. County of Suffolk*, 71 F. Supp. 3d 332, 343 (E.D.N.Y. 2014) (citations omitted); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313, 1317 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *see also Reynolds v. Barrett*, 685 F.3d 193, 202 (2d Cir. 2012) (citation omitted).

The ADA prohibits disability discrimination by a covered entity, such as an employer, employment agency, labor organization, or joint labor-management committee.  *See* 42 U.S.C. §§ 12111(2), 12112(a).  The ADA defines an "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees ... and any agent of such person."  42 U.S.C. § 12111(5)(A).  As with Title VII, there is no individual liability under the ADA.  *See Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (holding that because the remedial provisions of Title VII do not provide for individual liability, "it follows that, in the context of employment discrimination, the retaliation provision of the ADA, which explicitly borrows the remedies set forth in [Title VII], cannot provide for individual liability"); *see also Gomez v. N.Y.C. Police Dep't*, 191 F. Supp. 3d 293, 302-03 (S.D.N.Y. 2016) (citation omitted); *see also Lane v. Maryhaven Ctr. of Hope*, 944 F. Supp. 158, 162 (E.D.N.Y. 1996) (collecting cases); *Burris v.*

6

*Hous. & Servs. Inc.*, No. 17-cv-9289, 2019 WL 1244494, *5 (S.D.N.Y. Mar. 18, 2019) (noting that "individuals cannot be held liable under the ADA"); *J.L. on behalf of J.P. v. N.Y.C. Dep't of Educ.*, 324 F. Supp. 3d 455, 467 n.4 (S.D.N.Y. 2018).

As Defendant Fenchel properly notes, Plaintiff's opposition papers fail to dispute any of the arguments he made in support of the motion to dismiss. As the above-state law makes clear, Plaintiff's claims under Title VII and the ADA must be dismissed because, as an individual, he cannot be held liable under these statutes. *See Sherman*, 71 F. Supp. 3d at 343-44.

In his response to Defendant Fenchel's motion, Plaintiff, who is now represented by counsel, argues that he "asserts a cause of action under 42 U.S.C. § 1985(3), which allows 'for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.'" Dkt. No. 69 at 5. The first and most obvious problem with this argument is that Plaintiff has not pled a cause of action under 42 U.S.C. § 1985(3). Even showing Plaintiff the special solicitude due to *pro se* litigants, the Court finds that the amended complaint does not plead a claim under Section 1985(3).

"In order to make out a Section 1985(3) claim, 'the plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *Robinson v. Allstate Ins. Co.*, 508 Fed. Appx. 7, 9 (2d Cir. 2013) (quoting *United Bhd. Of Carpenters v. Scott*, 463 U.S. 825, 828-29, 103 S. Ct. 3352, 77 L. Ed. 2d 1049 (1983)). "'[A] plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'" *Id.* (quoting

7

*Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003)). "Furthermore, the 'conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Britt v. Garcia*, 457 F.3d 264, 270 n.4 (2d Cir. 2006)).

In the amended complaint, Plaintiff failed to provide any factual basis supporting a meeting of the minds, merely making conclusory statements that there was a conspiracy. Further, a claim under Section 1985(3) will not lie where the plaintiff cannot show a causal link between the alleged discriminatory conduct and the plaintiff's membership in a protected class. *See Pabon v. N.Y.C. Transit Auth.*, 703 F. Supp. 2d 188, 202 (E.D.N.Y. 2010). Plaintiff makes clear in his opposition to the motion to dismiss that Defendant Fenchel's motivation to participate in the alleged conspiracy was financial, rather than being based on any alleged discriminatory animus. *See* Dkt. No. 69 at 3 ("Plaintiff was served with a 'persona non grata' by the defendant(s) of Cornell University, with, he claims, the assistance of Luke Zachary Fenchel, while he claims he was aiding his financial interests to exploit the Plaintiff").

Finally, any claim under Section 1985(3) must fail because such a claim cannot be premised on a disability-based employment claim for which Title VII or the ADA already provides a remedy. *See Hill v. Praxair, Inc.*, No. 11-cv-678, 2012 WL 1935207, *8 (W.D.N.Y. May 29, 2012) (citing cases). According, to the extent that Plaintiff's amended complaint could be construed as attempting to plead a Section 1985(3) conspiracy claim against Defendant Fenchel, the Court finds that it must be dismissed.

Based on the foregoing, the Court grants Defendant Fenchel's motion to dismiss in its entirety.

## IV. CONCLUSION

After carefully the entire record in this matter, parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant Fenchel's motion to dismiss (Dkt. No. 65) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall terminate Luke Zachary Fenchel as a party in this action; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 21, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge