UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RAY KAMILA,

                               Plaintiff,                        SECOND AMENDED
                                  COMPLAINT

       vs.

CORNELL UNIVERSITY; LANCE R. COLLINS,
Dean of Engineering; WILLIAM CARPENTER,             3:19-CV-1189
(MAD/ML)
Officer; LUKE ZACHARY FENCHEL; DAVID
FORBES DELCHAMPS, Associate Professor;
COLLEGE OF ENGINEERING; CORNELL
UNIVERSITY POLICE DEPARTMENT; and
WENDY GILMORE-FITZGERALD,

                          Defendants.

---

Plaintiff, RAY KAMILA, by and through his counsel, Kirwan Law Firm, P.C., complaining of Defendants, alleges, upon information and belief, as follows:

## JURISDICTION & VENUE

1.     This is a civil action seeking judgment, relief and/or damages brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended, for discrimination based upon a disability and the failure to accommodate the same. This Court has jurisdiction of this action pursuant to U.S.C. §§ 1331, 1343(4) and 2000e-5.

## PARTIES

2.     Plaintiff is an individual residing in Tompkins County, New York.

3.     Upon information and belief, CORNELL UNIVERSITY is a private university located in Tompkins County, New York.

4.      Upon information and belief, at all relevant times, the COLLEGE OF ENGINEERING, is an entity servicing and/or department within CORNELL UNIVERSITY

5.      Upon information and belief, at all relevant times, LANCE R. COLLINS was the Dean of Engineering at CORNELL UNIVERSITY.

6.      Upon information and belief, at all relevant times, the CORNELL UNIVERSITY POLICE DEPARTMENT was an entity that served CORNELL UNIVERSITY.

7.      Upon information and belief, at all relevant times, WILLIAM CARPENTER was a resident of Tomkins County and employed by the CORNELL UNIVERSITY POLICE DEPARTMENT and/or CORNELL UNIVERSITY.

8.      Upon information and belief, at all relevant times, DAVID FORBES DELCHAMPS was an individual residing in Tomkins County, New York and employed by CORNELL UNIVERSITY.

9.      Upon information and belief, at all relevant times, WENDY GILMORE-FITZGERALD was an individual residing in Tomkins County, New York and employed by or otherwise associated with CORNELL UNIVERSITY.

**STATEMENT OF CLAIMS**

10.      Plaintiff is a disabled Veteran, who served with the US Army Special Forces, a.k.a. Green Berets. Since 2014, the Plaintiff carries a diagnosis of mental and physical disability. Plaintiff worked with the three distinguished companies, i.e., General Electric Aviation, Intel Corporation, and United Launch Alliance (Defense Contractor) (Lockheed

Martin Space Systems, and Boeing Defense, Space, and Security). Since early childhood, Plaintiff dreamt about going to Cornell University. Plaintiffs dream fulfilled, and he transferred to Cornell University in the Fall of 2017, enrolled and started studying Electrical and Computer Engineering. Electrical and Computer Engineering-College of Engineering is the second hardest major at Cornell University, subsequent to Applied and Engineering Physics. On Fall of 2017, Plaintiff was the first veteran that the Electrical and Computer Engineering-College of Engineering department was experimenting with.

11.    Cornell University has a substantial number of students and faculty members who carry both physical and mental disabilities. As a non-traditional foreign-born student, Plaintiff had some uphill battles, in terms of adjustment to the new environment and climate.

12.    Plaintiff did the necessary paperwork in December 2017 for employment and started working at the Office of Academic Diversity Initiative Office (OADI) as a Student Administrative-II position.

13.    Plaintiff worked in the Office of Academic Diversity Initiative with another worker Wendy Gilmore-Fitzgerald. Mrs. Gilmore-Fitzgerald is married to Liane Fitzgerald from the school of Engineering. Mrs. Gilmore-Fitzgerald targeted, and discriminated Plaintiff based on his "race, color, gender, sex, veteran status, disability status, so forth". She made derogatory comments that made Plaintiff believes that she had issues with the Plaintiff being a straight, single male, disabled veteran, person-of-color, ethnic background, so forth. Subsequently, false information was provided to high-ranking Cornell employees, i.e., Liane Fitzgerald, David Forbes Delchamps, Cornell

University College of Engineering, and later to the Cornell University Police Department.

Plaintiff believes that this false conniver information was provided by Ms. Gilmore-Fitzgerald, William Carpenter, Liane Fitzgerald, and others at the school who are friends with Ms. Gilmore-Fitzgerald, David Forbes Delchamps, and William Carpenter, with the sole motive of having Plaintiff placed on academic leave, and jeopardize Plaintiffs academic career, and employment.

### Retaliation

14.     Liane Fitzgerald lied(slandered) to Plaintiff that the Engineering registrar's office never received Plaintiffs "withdrawal" form for PHYS-2213 course. As a retaliation, Liane Fitzgerald with her self-serving precarious deceptive, arbitrary-and-capricious intention, coerced and persuaded Plaintiff of taking a "leave", and "break" from the Spring 2018 semester, which Plaintiff blatantly refused to do so. In January 2018, as a form of retaliation, and a dictatorial behavior by David Forbes Delchamps, Plaintiff was put on an Academic leave by David Forbes Delchamps. As a result, Plaintiff was removed from the school of engineering and discriminated, based on Plaintiffs protected class i.e., age, creed, disability, marital status, veteran status, race/color, sexual orientation, sex, opposed discrimination/retaliation, and national origin. They discriminated against Plaintiff because of mental disability as well.

15.     In January 2018, Plaintiff was evicted from the Hasbrouck Apartments, which was a campus housing.

16.     Since the early Spring of 2018, as a form of retaliation, the employees of Cornell University violated Plaintiff's Family Educational Rights and Privacy Act. On

29th of June, 2019, Plaintiff filed a formal complaint with the New York State Education Department. That claim was frivolously denied. Plaintiff believe that the officials of Cornell University conspired with the Privacy Officer, as an attempt to suppress the Plaintiff to exercise his constitutional rights.

17.    In the Spring of 2018, Plaintiff met Shuang Qiu (DOB: 04/14/1994) a.k.a. Elaine Shuang Qiu met via dating application, where they had a romantic relationship. During their dating relationship, Plaintiff discovered that Shuang Qiu was having an intimate sexual affair with a Professor (Dad's age), her visa expired on 05/27/2018, and she was illegally residing in the USA. As a good Samaritan, Plaintiff brought such grievances, under Cornell's supervision via student name Xitang Zhao, and Title IX bias reporting. It resulted in utter retaliation and discrimination by the officials of Cornell University against the Plaintiff.

18.    On April 6, 2019, Plaintiff sent a cease-and-desist notice to Xitang Zhao who is a Cornell Electrical and Computer Engineering student, who was being used by the Cornell and David Forbes Delchamps to harass, denigrate, aggravate, and subjugate Plaintiff's life, protected class, health, and career.

19.    On April 28th, 2018, out of the blue, Plaintiff got contacted by William Carpenter from his personal email address i.e. billcarpenterI965@yahoo.com, asking Plaintiff to see him without giving any details for it, although Plaintiff was out of town seeking medical help. Plaintiff responded stating that he is seeking medical help from the Veterans Affair Hospital. Same day, Plaintiff received multiple harassing calls from William Carpenter ranging from 10:41Am to 10:42 Am. On May 5th, 2018, most

importantly, Plaintiff never provided any off-campus address to Cornell University Police Department, and neither Plaintiff stated as such to William Carpenter, except Luke Zachary Fenchel. On multiple occasions, without a notice and reason, William Carpenter walked into Plaintiffs off-campus residence (C-13, 111 S. Quarry St., Ithaca, NY-14850) at 8:01 Am(approx.)), where William Carpenter has no jurisdiction to it. William Carpenter unlocked the elevator key from the first floor, and then he came to the fourth floor. William Carpenter with his hostile behavior, he violently threatened Plaintiff, threatened Plaintiff's neighborhood, Plaintiff's health, and safety. William Carpenter used an excessive brute force, quite extensively banging on Plaintiff's door loudly, to a point to break down the lock and door into pieces, as Plaintiff noticed several damages outside the door. Plaintiff acknowledges that this discriminatory, abusive, and retaliatory behavior arises out of Plaintiffs protected class. This continued notoriety gangster behavior by William Carpenter towards Plaintiff, is to subjugate Plaintiff from exercising his Constitutional rights, while denigrating, and aggravating Plaintiff's wellbeing, and career.

20.    On May 17, 2018, Plaintiff was wrongfully brought to the Barton Hall by Luke Zachary Fenchel (DOB:03/01/1977) without Plaintiff's conscience, and knowledge. First, Plaintiff was new to the Ithaca, and Tompkins County; therefore, Plaintiff wasn't well aware of the surroundings. Also, Plaintiff was under the effect of continued "distress, stress, so forth" caused by "William Carpenter, Luke Zachary Fenchel, so forth". Therefore, Plaintiff never had a chance to look up the location of the address, i.e., 320 N Tioga St., Ithaca, NY. Early in the morning, Plaintiff was under the impression of going

to 320 N Tioga St, Ithaca, NY. Luke Zachary Fenchel never told his personal motives. Instead, with utter self-serving precarious deception, Luke Zachary Fenchel took the Plaintiff in his Volvo XC 60 car (NYS-FRP-2543), to a different route while eating Chobani yogurt. When the Plaintiff realized that he was nearby the Cornell Campus, Plaintiff asked Luke Zachary Fenchel, of where Plaintiff has been taken to. It was already too late when Luke Zachary Fenchel took Plaintiff to the Barton Hall, and then without explaining the ramifications, Plaintiff was coerced, and then wrongfully served with the "Persona-Non-Grata," under duress. Cornell University employee name William Carpenter issued Plaintiff a frivolous "Persona-Non-Grata" notice that banned Plaintiff from being on any Cornell property. This action prohibited Plaintiff from being on Cornell property. Plaintiff believes that Luke Zachary Fenchel, and members of the Cornell University conspired against him, to financially benefit Luke Zachary Fenchel, while exploiting, discriminating, retaliating, depriving, and abusing Plaintiff from exercising his constitutional rights.

21.    Later, as a form of retaliation and self-serving precarious motive, Luke Zachary Fenchel stopped Plaintiff from re-enrollment with the Electrical Computer Engineering department, while financially exploiting, torturing, depriving, discriminating, and abusing the Plaintiff.

22.    As a result, On June 29, 2018, Plaintiff received a letter from Lance R Collins advising Plaintiff that his student status was terminated. Because Plaintiffs job as an Administrative Assistant II was tied to his student status, that meant the Plaintiffs employment was terminated effective June 29, 2018. Plaintiff believes that the real person

who wrote the letter to Plaintiff was David Forbes Delchamps, but signed by Lance R

Collins.

23.     On or around June 29, 2018, Plaintiff's employment was terminated by the

Defendant(s) in response to Plaintiff being removed from the school and being labeled as

"*persona-non-grata.*" Plaintiff believes that Defendant condoned discriminatory conduct

by terminating Plaintiff's employment. Plaintiff believes he was terminated in retaliation

because Plaintiff attempted to oppose "discrimination, harassment, so forth" several

times, which Plaintiff reported to Mr. Carpenter and Ms. Gilmore-Fitzgerald.

24.     Plaintiff's position is that his student status and employment status was

terminated because he brought concerns of harassment, retaliation, and discrimination to

the attention of Cornell's supervision. Plaintiff had spoken to many co-workers about the

harassment, retaliation, and discrimination that he experienced. The discrimination was

based on Plaintiff's race (Southeast Asian), nationality, disability, gender, veteran status,

color, sexual orientation (as a heterosexual), and religious beliefs (Plaintiff is a

non-denominational Christian).

25.     In the Summer and Fall of 2018, Plaintiff had some health problems and

spent much of his time dealing with that through Veteran Affairs Medical Center, which

was aggravated by the continuing retaliation received from the employees of Cornell

University, "i.e., William Carpenter, Lance R. Collins, and others."

26.     In the Fall of 2018, Plaintiff filed an Article 78 claim with the State of New

York to overturn the frivolous termination of his student status. In the Fall of 2018, after

Plaintiff filed the Article 78 claim, he was issued an eviction notice from the College Town

Terrace Apartments. Plaintiff believes his eviction was prompted by Cornell University in retaliation of him bringing Article 78 claims forward. Article 78 is pending as of today, October 3, 2019. Plaintiff also believes that Cornell has set the Ithaca Police Department and Tompkins County Sheriff's Department against him because he received numerous harassing calls from a blocked number and the Police banging on the Plaintiffs door, as an intent to harass the Plaintiff, aggravate his health condition, aggravate his disability, and jeopardize his Article 78 proceedings.

27.     As a result of hostile retaliation from the members of Cornell University, in the middle of freezing winter, i.e., December 2019, Plaintiff got evicted from the College Terrace Town Apartment, which almost resulted in Plaintiff being on a homeless status.

28.     After, Plaintiff filed an EEOC complaint, Plaintiff received a hostility, and retaliation from the members of the Cornell University based on Plaintiffs protected class.

29.     In March 2019, as a result of continued pattern of retaliation and discrimination, Plaintiff's car was towed, and he was evicted from the Maplewood Apartments, which resulted in Plaintiff being on a homeless status. Plaintiff then filed a claim with the Department of Housing and Urban Development. That claim is pending as of October 3, 2019.

30.     On May 16, 2019, Plaintiff filed a claim with the New York State Department of Human Rights about the frivolous and unmeritorious Persona-Non-Grata status. That claim was frivolously denied based on the agency not having any "jurisdiction" over his claim. Cornell University copied the Plaintiffs use of the term "no Jurisdiction" in terms of wrongfully serving Plaintiff a frivolous Persona Non-Grata with

the help of Luke Zachary Fenchel. Earlier in May 2018, Plaintiff used the same term for it. Plaintiff believes that Cornell conspired with the Department Director at Albany, New York.

31.    On June 24th, 2019, Plaintiff filed a claim with the Office of Civil Rights. The Office of Civil Rights claim is pending as of now. That claim was frivolously denied based on the agency not having any "jurisdiction" over his claim. Cornell University copied Plaintiff's use of term "no Jurisdiction" in terms of wrongfully serving Plaintiff a frivolous Persona Non Grata with the help of Luke Zachary Fenchel. Plaintiff believes that Cornell conspired and influenced with the employees of the Office of Civil Rights, in order to suppress Plaintiff to exercise his constitutional rights. That claim is pending as of now.

32.    On June-July 2019, Plaintiff filed a claim with the National Labor Relation Board. That claim was frivolously denied based on the agency not having any "jurisdiction" over his claim. Plaintiff believes that Cornell conspired and influenced the Director of the National Labor Relation Board. Director of National Labor Relation Board, i.e., Paul J Murphy graduated from Cornell University in 1980. Plaintiff believes that Cornell conspired with the Director of National Labor Relation Board, as an attempt to suppress Plaintiff to exercise his constitutional rights. That claim is pending as of now.

33.    On June 29th, 2019, Plaintiff filed a claim with the American Disability Act. American Disability Act claim is pending as of now.

34.    On July 5, 2019, Cornell representatives Conrad Wolan and Valerie Cross Dom filed libelous paperwork to stop Plaintiff from having due process on the Article 78 matter, which means that they are trying to stop Plaintiff from re-enrolling into Cornell

and getting Plaintiff's student and employment status back. Wolan and Dom intentionally made libelous statements while mischaracterizing, misrepresenting, manipulating, and misdirecting the Plaintiff's student and employment status.

35.    On July 16, 2019, Plaintiff filed a formal complaint with the Community Police Board over their harassment towards him. Community Police Board claim is pending as of now.

36.    Plaintiff is a 28 years old, Hindu and non-denominational Christian, having a condition that is considered to be a disability as that term is defined by the Title VII, i.e. (physical/mental), Single, Veteran, South-East Asian, heterosexual, male, and Plaintiff has opposed discrimination. Because of this, Plaintiff have been subject to unlawful discriminatory actions. Plaintiff worked for the Respondent as a Student-Employee since January 2018. Plaintiff suffered a negative employment action based on his protected status. The defendant (s) was always also aware of Plaintiffs disabilities and that he was a disabled veteran.

37.    Based on the foregoing, Plaintiff suffered substantial amount of conclusive damages, and Plaintiff charge respondent with an unlawful discriminatory practice relating to employment and student status because of age, creed, disability, marital status, veteran status, race/color, sexual orientation, sex, opposed discrimination/retaliation/harassment, national origin, in violation of the Title VII, Title IX, Title II, and any applicable statutory Federal laws.

38.    To the extent not set forth in this Second Amended Complaint, Plaintiff references and incorporates the information, allegations and claims set forth in his

Complaint Pursuant to the Americans with Disabilities Act (Doc 8, filed October 4, 2019)

and Amended Civil Complaint Pursuant to Title VII of the Civil Rights Act, as Amended

(Doc 8-1, filed October 4, 2019)

38.     Plaintiff continues his demand for a Jury Trial.

**WHEREFORE**, Plaintiff requests that this Court grant the following relief:

A.     Compensatory Damages to be determined by the trier-of-fact;

B.     Punitive Damages to be determined by the trier-of-fact;

C.     An Order reinstating both Plaintiff's student and student-employment status;

D.     An award in the amount of Plaintiff's cost & disbursements incurred in this action; and

E.     Such other and further relief this Court deems just & proper.

Dated:  October 7, 2021                           **Kirwan Law Firm, P.C.**
                                                  *Attorneys for Plaintiff*


By: _____
      Terry J. Kirwan, Jr.
      100 Madison Street
      Equitable Tower I, 15th Floor
      Syracuse, New York 13202
      Tel. 315-452-2443
      Fax 315-671-1550
      tkirwan@kirwanlawpc.com

-12-